Anna Y. Park, CA SBN 164242
Connie K. Liem, TX SBN 791113
Lorena Garcia-Bautista, CA SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> HELADOS LA TAPATIA, INC., AND DOES 1-5, INCLUSIVE, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br> • **CIVIL RIGHTS** <br> • **EMPLOYMENT DISCRIMINATION** <br><br> **(42 U.S.C. §§2000e, et seq.)** <br><br> **JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of national origin and race, and to provide appropriate relief to Michael McLaughlin (referred to herein as "Charging Party") and a class of aggrieved non-Hispanic White, Black, and Asian applicants who were adversely affected by such practices. As alleged with greater particularity in paragraphs 16-29 of this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendants Helados La Tapatia, Inc. and Does 1-5 (collectively referred to herein as "Defendant") subjected Charging Party to discrimination, including disparate treatment and discharge, in violation of Title VII. EEOC further alleges Defendant failed to hire and/or discouraged from applying qualified Black, White, and Asian applicants on the basis of national origin and race because of Defendants' preference for hiring Hispanics, in violation of Title VII. Defendant engaged in a pattern or practice of hiring Hispanics and not hiring non-Hispanics based on national origin and race.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed and ratified within the jurisdiction of the United States District Court for the Eastern District of California.

**PARTIES**

1     4.     Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff," "EEOC," or the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

    5.     At all relevant times, Defendant has been a California corporation doing business in Fresno County, California, and has continuously had at least fifteen (15) employees.

    6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

    7.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

    8.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. The EEOC reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

# CONDITIONS PRECEDENT

9. More than thirty days prior to the institution of this lawsuit, Charging Party Michael McLaughlin filed a charge of discrimination with the Commission alleging violations of Title VII by the Defendant.

10. On July 31, 2018, the EEOC issued to Defendant a Letter of Determination for Charging Party's Charge of Discrimination finding reasonable cause to believe that Charging Party was discharged because of his race, White, and national origin, non-Hispanic, in violation of Title VII. The EEOC made a further like and related finding that there was reasonable cause to believe that a class of individuals had been deterred by Defendant's recruitment and hiring practices and were consequently not hired for open positions because of their race, White, Black, and Asian, and national origin, non-Hispanic, in violation of Title VII.

11. The EEOC invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure through informal methods of conciliation, including but not limited to an in-person conciliation conference, from Defendant a conciliation agreement acceptable to the Commission.

14. On September 19, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

# STATEMENT OF CLAIMS

1    16.   Since at least 2015, Defendant has engaged in unlawful employment
2 practices, including a pattern or practice of such unlawful employment practices, in
3 violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) based on race
4 (non-Hispanic White, Black, and Asian), and national origin (non-Hispanic). These
5 unlawful employment practices include but are not limited to:

    a. Deterring and failing to hire White (non-Hispanic), Black, and/or Asian applicants for employment with Defendant;

    b. Deterring and failing to hire non-Hispanic applicants for employment with Defendant;

    c. Favoring less-qualified Hispanic job applicants over all other non-Hispanic applicants; and

    d. Asking applicants if they spoke Spanish and not considering their applications if they said they did not speak Spanish, even though ability to speak Spanish was not necessary to perform jobs.

17.   The class of aggrieved individuals include but are not limited to the following:

    a. Claimant Todd Vincent Ferreira, who is White non-Hispanic applied with Defendant in or about November 2017, via Indeed.com for a management/foreman position, but was never contacted by Defendant and Defendant failed to hire him.

    b. Claimant Kathleen Fookes-Killian, who is White non-Hispanic, applied multiple times with Defendant between November 2016 and September 2017, via Indeed.com for different positions including but not limited to the driver position, but was never contacted by Defendant and Defendant failed to hire her.

    c. Claimant Brandie Shelton, who is White non-Hispanic, applied multiple times with Defendant in or about mid-2017 or May 2017, via Indeed.com for the driver position. Although Ms. Shelton was

<blockquote>

qualified for this position and had previous grocery store driving experience, she was never contacted for an interview by Defendant and Defendant failed to hire her.

d. Claimant Courtney Bess, who is Black, applied with Defendant in or about November or December 2017, via Indeed.com for the driver position, but was never contacted by Defendant and Defendant failed to hire her.

e. Claimant William Waller, who is White non-Hispanic, applied multiple times with Defendant in or about May 2017, June 2017, August 2017, October 2017, via Indeed.com for the driver position. Although Mr. Waller was qualified for this position due to his previous delivery and sales experience, he was never contacted by Defendant and Defendant failed to hire him.

f. Claimant Robert Frank, who is White non-Hispanic, applied with Defendant in or about October or November 2017, via Indeed.com for the delivery driver position, but was never contacted for an interview by Defendant and Defendant failed to hire him.

g. Claimant Britney Roaseau, who is White non-Hispanic, applied with Defendant via Indeed.com for multiple positions, but was never contacted for an interview by Defendant and Defendant failed to hire her.

h. Claimant Michael Simpson, who is White non-Hispanic, applied multiple times with Defendant in or about July 2017, via Indeed.com for multiple positions including but not limited to the sales driver position. Although Mr. Simpson was qualified for all of these positions due to his previous sales and driving experience, he was never contacted by Defendant and Defendant failed to hire him.

</blockquote>

i. Claimant Gregory Stone, who is White non-Hispanic, applied multiple times with Defendant in or about November and/or December 2017, via Indeed.com for the delivery driver position, but was never contacted for an interview by Defendant and Defendant failed to hire him.

j. Claimant Christopher Michael Armack, who is White non-Hispanic, applied multiple times with Defendant in or about March and April 2018, via Indeed.com for the delivery driver, warehouse and sanitation positions. Although Mr. Armack had 24 years of prior work experience in these positions, he was never contacted by Defendant and Defendant failed to hire him.

k. Claimant Troy Greenwood, who is White non-Hispanic, applied multiple times with Defendant in or about 2017 and 2018 including but not limited to May 2018, via Indeed.com for the warehouse and delivery driver positions. Although Mr. Greenwood was qualified for these positions due to his previous warehouse and delivery driving experience, he was never contacted by Defendant and Defendant failed to hire him.

18. These unlawful employment practices were also sufficiently frequent to be Defendant's regular procedure or practice and constitute a pattern or practice of resistance to the full enjoyment of rights protected under Title VII in violation of Section 706, 42 U.S.C. § 2000e-5.

19. From 1995 to August 2017, approximately 97% of Defendant's employees were Hispanic.

20. From January 2014 to March 2018, Defendant hired approximately four hundred seventy-five employees; only one employee was Asian.

21. From January 2014 to March 2018, Defendant hired approximately four hundred seventy-five employees; only two employees were Black.

1    22.    From January 2014 to March 2018, Defendant hired approximately four hundred seventy-five employees; no more than 12 employees were White, non-Hispanic.

23.    Defendant consistently maintained a largely homogenous Hispanic workforce through all job categories and titles.

   a. For instance, from 2006 to 2017, Defendant hired approximately 120 Route Sales Drivers for which it kept ethnicity data, of which a minimum of 116 (roughly 96%) were Hispanic.
   b. From 2006 to 2017, Defendant hired approximately 258 production workers and production supervisors for which it kept ethnicity data, of which a minimum of 248 (roughly 96%) were Hispanic.

24.    Defendant also engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by terminating Charging Party Michael McLaughlin based on his race (White non-Hispanic) and national origin (non-Hispanic).

25.    On or about January 11, 2016, Charging Party McLaughlin applied for the position of Route Sales Driver with Defendant via Indeed.com. Charging Party McLaughlin applied for the position because he had comparable work experience.

26.    On or about January 22, 2016, Charging Party McLaughlin had his first interview with Defendant's Route Sales Manager Salvador Alcantar III and Defendant's COO Robert Molina. On or about January 22, 2016, Charging Party McLaughlin had his second interview with Defendant's Owner/President Emilio Sandoval. On or about January 25, 2016, Charging Party McLaughlin was offered the position of Route Sales Driver by Defendant and he accepted.

27.    When Charging Party McLaughlin accepted the position, he was told by Defendant's Route Sales Manager Alcantar that he was the first non-Hispanic White individual or "gringo" to work for the company.  Mr. Alcantar also told

Charging Party McLaughlin that he had to pull a lot of strings to get him hired. Charging Party McLaughlin primarily communicated in English when Defendant hired him.

28. Charging Party McLaughlin's first day of work for Defendant was January 26, 2016. He was given training for seven days with three different Route Supervisors and one Route Driver. No one who trained Charging Party McLaughlin expressed a negative opinion concerning his job performance. Charging Party McLaughlin was able to perform all the job requirements of Route Sales Driver.

29. On or about February 3, 2016, Defendant's Route Sales Manager Alcantar called Charging Party McLaughlin and told him to take the following day off. On or about February 4, 2016, Mr. Alcantar called Charging Party McLaughlin again to tell him that Defendant's Owner/President Sandoval was terminating his employment because he did not speak Spanish.

30. The effect of the practices complained of in paragraphs 16-29 has been to deprive Charging Party and a class of aggrieved non-Hispanic White, Black, and Asian individuals of equal employment opportunities and otherwise adversely affects their status as employees because their race, White non-Hispanic, Black, or Asian, and their national origin, non-Hispanic.

31. The unlawful employment practices complained of in paragraphs 16-29 above were intentional and caused Charging Party and a class of aggrieved individuals to suffer emotional distress.

32. The unlawful employment practices complained of in paragraphs 16-29 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and a class of aggrieved individuals. Such practices as described above have been ongoing in giving preference to Hispanic applicants and employees. This practice and preference systemically applied

throughout Defendant's organization.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging any employment practice which discriminates on the basis of race and national origin;

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful employment practices in violation of Title VII;

C. Order Defendant to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including appropriate back pay, job search expenses, and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order Defendant to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E. Order Defendant to pay Charging Party and a class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F. Award the Commission its costs of this action; and

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: May 22, 2020              Respectfully submitted,

SHARON GUSTAFSON,
General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

By:    /s/ Anna Y. Park
ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION