UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HELADOS LA TAPATIA, INC., AND DOES 1-5, Inclusive,<br><br>Defendants. | Case No.: 1:20-CV-00722- HBK<br><br>**CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") and Defendant Helados La Tapatia, Inc. (hereinafter "Defendant" or "Helados") hereby stipulate to entry of this Consent Decree to resolve the Commission's Complaint against Defendant in U.S. Equal Employment Opportunity Commission v. Helados La Tapatia, Inc., filed on May 22, 2020 in the United States District Court for the Eastern District of California (the "Action"). The Complaint alleged Defendant discriminated against a class of non-Hispanic individuals (hereinafter referred to as the "Claimants") by failing to

hire them based on their national origin (non-Hispanic) and/or race (Asian, Black, White).  The Commission specifically alleged that Defendant subjected the Claimants to recruitment and hiring practices in violation of Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as amended ("Title VII").  The Complaint also alleged Defendant unlawfully discharged Charging Party Michael McLaughlin ("Charging Party") based on his national origin (non-Hispanic) and/or race (White) in violation of Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as amended ("Title VII").

## I.   PURPOSES AND SCOPE OF THE CONSENT DECREE

A.   The Parties to this Consent Decree ("Decree") are the EEOC and Helados (collectively the "Parties"). This Decree shall be binding on and enforceable against Defendant and officers, directors, employees, agents, successors, and assigns.  The scope of this Decree is company-wide.

B.   The parties have entered into this Decree for the following purposes:

1.   To provide appropriate monetary and injunctive relief;

2.   To ensure that Defendant's employment practices comply with federal law;

3.   To ensure a workplace free from discrimination, especially as it relates to national origin and/or race discrimination;

4.   To provide training to Defendant's employees as to their rights under Title VII and Defendant's managers, supervisors, and hiring officials regarding their obligations and responsibilities while engaged in employment practices such as recruiting, hiring, and terminating employees under Title VII;

5.   To review and revise Defendant's policies, practices, and procedures for recruiting, hiring, and discharging employees;

6.   To provide an appropriate and effective mechanism for receiving and handling discrimination complaints in the workplace; and

7.     To avoid the expensive and protracted costs incident to this litigation.

## II.     RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant in this Action.

B.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C.     Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII, or any other federal anti-discrimination statute.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures as this Decree only resolves the issues, claims, and allegations raised by the EEOC against Defendant in this Action.

## III.     JURISDICTION

A.     The Court has jurisdiction over the Parties and the subject matter of this Action.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.     The terms and provisions of this Decree are fair, reasonable, and just.

C.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

## IV.     EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions of this Decree are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three and one-half (3.5) years after the Effective Date.

## V.     COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant has breached.  Defendant shall have thirty (30) days from the written notice to attempt to resolve or cure the breach.  The Parties may agree to extend this period upon mutual consent.

B.     After forty-five (45) days, inclusive of the thirty (30) days to resolve or cure the breach referenced in Section V.A, have passed from the written notice with no resolution or agreement to extend the time, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time that the Court finds the Decree was not complied with and/or any other relief that the Court may deem appropriate.

C.     In the event of exigent circumstances, which includes non-payment under Section VII, EEOC may petition the Court for resolution of the dispute without the adhering to provisions described in Section V.A. and B; the EEOC will give Defendant ten (10) business days from EEOC's notification of Defendant's legal counsel of record, or if not applicable, Defendant, to resolve the breach before petitioning the Court.

## VI.     MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  If the parties are unable to reach an agreement, the Court shall order appropriate alternative provisions in order to effectuate the purposes of the Decree.  Should one or more provisions of this Decree be deemed unlawful, all other lawful and enforceable provisions will remain in full force and effect.

## VII.   **MONETARY RELIEF**

A.      In settlement of this Action, and in consideration of Defendant's financial situation, Defendant shall pay a total of $ 200,000.00 ("Settlement Amount") in back wages and compensatory damages.  The EEOC shall have the sole discretion to determine eligibility and designation of the Claimants, characterization, and/or allocation of the Settlement Amount as well as to determine who is a Claimant.

B.      Defendants shall pay the Settlement Amount as follows to the Escrow Account managed by a Claims Administrator to be specified by the EEOC ("Escrow Account"):

      i.      Within 6 months of entry of the Consent Decree, Defendant shall deposit $50,000 to the Escrow Account,

      ii.      And every 30 days after VII.B.1. for the following 18 months, Defendant shall deposit at least $8,333.33 each month into the Account, so that the Settlement Amount is paid in full within 2 years of the entry of the Consent Decree;

C.      Defendant's Owner, Emilio Sandoval, agrees to be bound by the terms and obligations of this Consent Decree and to the jurisdiction of this Court as well.  Emilio Sandoval agrees he shall be personally liable for monies owed under this Consent Decree as an individual and as trustee of the Emilio Sandoval Revocable Trust.  As such, Emilio Sandoval is jointly and severally liable with Defendant for the amount of $200,000.00.  Emilio Sandoval has executed a personal Guaranty in his individual capacity, attached hereto as **Exhibit A.**

D.      Should Defendant or Emilio Sandoval fail to make payments or follow through with the terms herein, Defendant and Emilio Sandoval shall be deemed in default and the remainder of the Settlement Amount shall be due immediately, including interest at the rate of 10% per annum from the date of default until cured.

E.      Distribution of any monies shall be at the sole discretion of the EEOC to which Defendant shall not have any input.

## VIII.   <u>CLAIMANT SPECIFIC INJUNCTIVE RELIEF</u>

Within ten (10) days of the Effective Date, Defendant shall provide a neutral employment reference for Charging Party, limited to verifying whether the Charging Party was employed by Defendant, the last position in which the Charging Party was employed, and the duration of his employment with Defendant.  Defendant shall not retaliate against Charging Party and other Claimants in any way, including disadvantaged if applying for (re)employment with Defendant.  Defendant shall purge all references of an EEOC Charge of Discrimination and any reference to participation in this Action from Charging Party's personnel file.

## IX.   <u>GENERAL INJUNCTIVE RELIEF</u>

A.      <u>National Origin and Race Discrimination</u>

Defendant, its directors, officers, agents, managers (including all supervisory employees), other employees, successors, assigns, and all those in

active concert or participation with them, or any of them, shall be enjoined from discriminating against any individual on the basis of their national origin and race including, without limitation, discharging and failing to hire non-Hispanic individuals.

B.    Retaliation

Defendant, its directors, officers, agents, managers (including all supervisory employees), other employees, successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant or its successors, or either of them, because he or she has in the past, or during the term of this Decree, (1) opposed any practice made unlawful under Title VII; (2) filed a charge of discrimination alleging such practice; (3) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant or its successors) or proceeding in connection with this Action or relating to any claim of a Title VII violation; (4) was identified as a possible witness or claimant in this Action; (5) asserted any rights under this Decree; or (6) sought and/or received any relief in accordance with this Decree.

C.    Record Retention

Defendant, its directors, officers, agents, managers (including all supervisory employees), other employees, successors, assigns, and all those in active concert or participation with them, or any of them, shall maintain all hiring documents, including but not limited to applications, notes, any and all documents related to the application process and shall not destroy such documents according to federal law and under this Decree.  This includes, but is not limited to, applications for hire by both successful and non-successful applicants.

Defendant, its directors, officers, agents, managers (including all supervisory employees), other employees, successors, assigns, and all those in active concert or participation with it, or any of them, are hereby enjoined from failing to keep, preserve, and retain all placement and hiring related materials with respect to all positions the applications, resumes, letters from prospective applicants, written inquiries concerning opportunities for work, correspondence with potential applicants or Staffing Agencies concerning opportunities for work, job postings, applicant evaluations, notes concerning applications for employment, and information regarding individuals placed or referred for work for the duration of this Decree.  All such materials must be retained in their original form or in an accessible electronic format.

## X.    SPECIFIC INJUNCTIVE RELIEF

A.    Defendant's Responsibilities

Within sixty (60) days after the Effective Date, Defendant may retain an outside third-party Equal Employment Opportunity Consultant (the "Consultant") with demonstrated experience in race and national origin discrimination, and recruiting and hiring practices under Title VII to assist Defendant with the compliance of this Decree. The Consultant shall be subject to the EEOC's approval, which shall not be unreasonably withheld.

B.    For the duration of the Decree, Defendant shall:

a.    Create, review, and revise its policies and practices to ensure compliance with the Title VII.  Specifically, Defendant shall make revisions to its employment policies to ensure that such policies clearly prohibit discriminatory practices, including the recruiting, hiring, and discharging of employees on the basis of race, national origin, and retaliation.

b.   Defendant shall provide effective training to its managers, supervisors, hiring officials, and employees on their rights and responsibilities under Title VII, including proper employment practices regarding the recruitment, hiring, and discharge of employees.

c.   Defendant shall review and revise its recruitment and hiring practices including the retention of documents, to ensure compliance with Title VII.

d.   Defendant shall revise all job descriptions and job posting to ensure that all job requirements are consistent with business necessity.

e.   Defendant shall create and implement a centralized system of tracking employees' discrimination complaints and the steps taken in response to the complaint.

f.   Defendant shall ensure that any investigation into an employee's complaint of discrimination is conducted in an effective and timely manner, Defendant reasonably communicates with the complainant in his/her primary language with the status of the investigation and any remedial action taken, and Defendant subsequently monitors the workplace to prevent retaliatory conduct.

g.   Defendant shall submit an annual report to the EEOC on its compliance with the Decree.

h.   Defendant shall retain job applications and any other records as required under federal law and this Decree.

i.   Defendant may employ a Consultant to assist with the foregoing, unless specified below.

C.     Policies and Procedures

Within ninety (90) days of the Effective Date, Defendant shall review, and to the extent necessary, create or revise its written recruitment, hiring, discipline, and discharge policies prohibiting discrimination based on race and/or national origin in its workplace (the "Policy") as described below.  This Policy shall be in English and Spanish and include:

1.     A clear explanation of prohibited conduct under the Policy, including an explanation that the failure to hire, discipline, and discharge on the basis of race and/or national origin, and retaliation are prohibited.

2.     A strong and clear commitment to a workplace free from discrimination and retaliation.

3.     Assurance that employees who make complaints of race and/or national origin discrimination or provide information related to such complaints are be protected against retaliation.

4.     A clearly described confidential complaint process for employees or applicants who believe they have been subjected to discrimination based on race and/or national origin or retaliation. This includes the name, address, e-mail address, and telephone number of the human resources personnel available to receive and process discrimination and retaliation complaints.

D.     Distribution of Revised Policy

Within one-hundred and twenty (120) days of the Effective Date, Defendant shall distribute this revised Policy to all employees in both English and Spanish. Thereafter, Defendant shall distribute the revised Policy within thirty (30) days of the hire date of any new employee(s). Defendant shall also ensure that the revised Policy is disseminated.

//

E.     Centralized Tracking of Complaints

Within one-hundred and fifty days (150) days of the Effective Date and

with the Consultant's assistance, Defendant shall create and maintain a procedure for the centralized tracking of employee complaints based on race, national origin, and retaliation.  These tracking records shall include the following information:

       1.     The names of the individuals alleging discrimination;

       2.     The date and nature of the complaint;

       3.     A description of the alleged discriminatory events and the dates the events took place;

       4.     The names of the alleged perpetrators of discrimination, including whether the alleged perpetrator has been the subject of any previous complaints of discrimination or retaliation;

       5.     The identity of the supervisor, manager or human resources personnel who investigated and/or made a determination regarding the complaint;

       6.     A description of what the supervisor, manager or human resources personnel did when s/he conducted an investigation into the complaint;

       7.     The results of Defendant's investigation and subsequent determination regarding the complaint; and

       8.     Description and dates of any remedial action taken, if any, in response to the complaint.

      F.    <u>Training</u>

With the Consultant's assistance, Defendant shall conduct EEO training as follows:

       1.     Within one (1) year of the Effective Date and annually thereafter, Defendant shall provide training to all non-managing employees.  The training shall be conducted in the employees' primary language and shall cover federal laws regarding Defendant's revised Policies and complaint process, and prohibited employment discrimination on the basis of race, national origin, and

retaliation with a particular emphasis on discipline and discharge. All persons required to attend such training shall verify their attendance in writing.

2.      Within one (1) year of the Effective Date and annually thereafter, Defendant shall provide training to its hiring officials, managers, and supervisors in the trainee's primary language. This training shall cover Defendant's revised Policies and complaint process, the handling of discrimination complaints from employees, record-keeping responsibilities under federal law, and prohibited employment discrimination on the basis of race, national origin, and retaliation.  This training shall also emphasize the use of proper recruitment and hiring practices that are consistent with Title VII. All persons required to attend such training shall verify their attendance in writing.

3.      As described in Section XI.B., Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree. This includes the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

G.    Notice Posting

Within thirty (30) days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice of Consent Decree (attached to the Decree as **Exhibit B**) of the terms of this Decree in clearly visible locations frequented by its employees (i.e., break rooms or bulletin boards with other employee notices). The Posting shall be in language understandable to all employees, including in English and Spanish. The Posting shall remain posted for the duration of this Decree.

//

H.    Recruitment

1.    Recruitment Plan.

To the extent that Defendant is hiring during the duration of this Decree, Defendant shall create and implement a Recruitment Plan to increase the pool of non-Hispanic applicants for consideration into all of Defendant's job openings. The recruitment plan shall include:

    a.  Providing written notice of all job openings;

    b.  Ensuring that all job postings emphasize all positions are open regardless of race and national origin; and

    c.  Ensuring that all job postings have no indication of Spanish language requirement, unless justified by actual business necessity; i.e., Spanish is not required for low skill or entry level positions, including but not limited to driver positions;

    d.  Job postings reach a diverse applicant pool by posting on at minimum one site of broad-usage, including, but not limited to, Indeed.

    2.  <u>Recruitment Plan Reporting</u>

As described in Section XI.B., Defendant shall provide the EEOC with a report regarding its Recruitment Plan. The Recruitment Plan report shall specifically provide:

    a.  A detailed description of each program/process which Defendant implemented to recruit individuals who are non-Hispanic as detailed in H(1)(a)-(d);

    b.  The date that each program/process was implemented;

    c.  The name(s) and job title(s) of those employees responsible for implementing each program/process;

    d.  Copy of all documents reflecting proof of the recruitment being undertaken; and

    e.  Holding employees involved in the recruitment process accountable for implementing the Recruitment Plan.

I.    Applicant Flow Data and Log

    1.    Applicant Flow Data

To the extent that Defendant is hiring during the duration of this Decree, Defendant shall maintain all job applications (including all documents submitted by the applicants in connection with the application process and through any staffing agency) and applicant flow data for the entire duration of this Decree and as required under federal law. To the extent Defendant uses an external online service and/or third party for applicants to apply for positions with Defendant, Defendant must ensure to download all applications and/or documents produced by the applicants during the Decree and maintain such documents according to federal law and under this Decree.  Defendant shall also maintain all documents related to those applicants they considered for hire and ultimately hired, including notes related to the selection process.  Defendant shall produce the Applicant Flow Data and Applicant Flow Log as described below to the EEOC semi-annually as described in Section XI.B.

    2.    Applicant Flow Log.

To the extent that Defendant is hiring during the duration of this Decree, Defendant shall create and maintain an Applicant Flow Log for each job opening during the Decree.  Defendant shall submit the Applicant Flow Log in excel with links to the relevant attachments to the EEOC on a semi-annual basis for review as described in Section XI.B.  The Applicant Flow Log and attachments shall include the following information for each job opening:

        a.    Date of the opening;

        b.    Job title and description;

        c.    Location;

        d.    Where all advertisements were placed in connection with recruiting for the position, as well as a link to copies of the job announcement;

e.      Number of applications and inquiries received;

f.      Name, contact information, race, and national origin of the applicants;

g.      Any documentation submitted by the applicants in connection with the application process;

h.      The names and job titles of any individuals involved in the recruitment and hiring process;

i.      Whether and when the applicant was interviewed;

j.      Any records or documents pertaining to the selection process, including, but not limited to, interview notes;

k.      Name, race, and national origin of the selected applicant; and

l.      If the applicant was not selected, the reason for the denial, if any; and

m.      Complaints made by applicants regarding discrimination during the recruitment and hiring process.

J.      <u>Hiring Goals</u>

Defendant will work to ensure at least 20% of all new hires (including any workers placed by Staffing Agencies) each year are non-Hispanic and, by the end of three years from the effective date, Defendant's total workforce is at least 20% non-Hispanic.  If Defendant's new hires are not 20% non-Hispanic, Defendant's applicant flow log, including but not limited to section L, must show good faith efforts were made to consider and hire all available non-Hispanics applicants.

//

## XI.   <u>RECORD KEEPING AND REPORTING</u>

A.      <u>Record-Keeping</u>

For the duration of the Decree, Defendant shall establish a record-keeping procedure that provides for the maintenance of all records necessary to demonstrate its compliance with this Decree, including but not limited to the documents specifically identified below, and to verify that the reports submitted are accurate.  The records to be maintained shall include:

1.      All documents pertaining to recruitment and hiring, including but not limited to postings, advertisements, applications, resumes, interview notes, interview questions, written assessments created by each person involved in the selection process, and/or a log of all persons who inquire about a job, including name, date of inquiry, and summary of response by Defendant;

2.      All documents pertaining to the open positions, including but not limited to the applicant flow log and all applications/resumes;

3.      All forms acknowledging employees' receipt of Defendant's Policies and Procedures regarding race and/or national origin discrimination and hiring/promotion;

4.      Documents reflecting the provision of training and materials described in above, and names and positions of all attendees for each session as required under this Decree;

5.      The centralized tracking of records to be maintained in Section X.E that include all documents generated throughout the duration of the Decree in connection with any employment discrimination complaint, the ensuing investigation, and any resolution of such complaint.

Defendant shall provide the aforementioned documents and log to the EEOC on an annual basis following the Effective Date of this Decree.

B.      Reporting

Defendant shall provide three (3) annual reports to the EEOC throughout the duration of the Decree, with the exception of the Applicant Flow Log and Applicant Data, which shall be provided to the EEOC on twice yearly on a semi-annual basis starting six (6) months from the Effective Date.  The first report shall be due one (1) year from the Effective Date. The next two subsequent reports shall be due by each anniversary date during the term of the Decree, with the last report provided approximately half a year prior to the expiration of the Consent Decree.  These annual reports shall provide:

     a.    Confirmation of Defendant's compliance with Sections X.A through X.K. of the Decree and related records, including documents related to the EEO training requirements under Section X.F;

     b.    Copies of all job descriptions and job postings disseminated within the last twelve (12) months;

     c.    The Applicant Flow Log containing the information as set forth in Section X.I.2. and the Applicant Data as set forth in Section X.I.1. within the last six (6) months;

     d.    A statement confirming that the required Posting Notice as set for in Section X.G. continues to be posted in a conspicuous place accessible to all employees;

     e.    A copy of the Recruitment Plan as set forth in Section X.H and documents related to the Recruitment Plan and underlying documents reflecting implementation of the Recruitment Plan;

     f.    All documents reflecting efforts made to reach the hiring endeavor as described in Section X. J., including but not limited to publications for open positions, the collections of applications for a specific position, documentation of all those

interviewed for the position, and documentation of why each candidate was or was not selected for the position.  If the hiring goals were not met, clear documentation is required to demonstrate the reason for the shortfall; and

h.      Any underlying documents to support compliance under this Decree.

All reports under this paragraph shall be directed to: U.S. Equal Employment Opportunity Commission, Attn.: Anna Y. Park, 255 E. Temple St., 4th Floor, Los Angeles, CA 90012.

## XII.   COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees. Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII.  MISCELLANEOUS PROVISIONS

A.      During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Defendant's facilities, or any other material change in corporate structure that would affect Defendant's facilities, and shall simultaneously inform the EEOC of same.

B.      During the term of this Decree, Defendant and its successors shall ensure that each of its directors, officers, human resource personnel, managers, supervisors and team managers are aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional

Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los
Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.     Defendant shall produce any documents related to this Decree to the
EEOC within sixty (60) days of a written request by the EEOC for such records.

E.     The Parties agree to entry of this Decree and judgment subject to
final approval by the Court.

### XIV.  COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall
have the same force and effect of an original signature or copy thereof. All
parties, through the undersigned, respectfully apply for and consent to the entry
of this Decree as an Order of this Court.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: 02/16, 2021

By: _____
   Anna Y. Park,
   Regional Attorney
   Attorney for Plaintiff EEOC

Dated: 2/16, 2021

RAIMONDO & ASSOCIATES

By: _____
   Gerardo Hernandez,
   Attorney for Defendant
   Helados La Tapatia, Inc.

Dated: 2/16, 2021

By: _____
   Emilio Sandoval,
   President for Defendant
   Helados La Tapatia, Inc.

{C0133688.1}                                    -19-

1
2                                  **ORDER**
3          The provisions of the foregoing Consent Decree are hereby approved and
4  compliance with all provisions thereof is HEREBY ORDERED.
5          The Clerk of Court is directed to CLOSE THIS CASE.
6          The Court hereby retains jurisdiction over this Consent Decree until its
7  termination.
8
   IT IS SO ORDERED.
9
10
   Dated:   April 9, 2021
11                                           HELENA M. BARCH-KUCHTA
12
                                             UNITED STATES MAGISTRATE JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Exhibit A to Consent Decree

### GUARANTY

**GUARANTY** dated  2/16/2021 , made by the undersigned individual, Emilio Sandoval, (the "Guarantor") in favor of the United States Equal Employment Opportunity Commission ("EEOC").

**PRELIMINARY STATEMENTS**: In consideration of, and as an inducement to the EEOC, to agree to the Consent Decree with Defendant Helados La Tapatia, Inc. in EEOC v. Helados La Tapatia, Inc, et al., Civil Case Number 1:20-CV-00722-HBK, filed with the United States District Court, Eastern District of California, (the "Consent Decree"), the undersigned Guarantor, hereby guarantees the full and prompt payment of all sums now owing or which may in the future be owing pursuant to the Consent Decree, upon the Company's failure to make payment as set forth in the Consent Decree. The Guarantor owns a substantial amount of the stock or other ownership interests of Defendant Helados La Tapatia, Inc. (the "Company") and is financially interested in the Company's affairs.

**THEREFORE**, in order to induce the EEOC to agree to the Consent Decree, the Guarantor agrees as follows:

Section 1. **Guaranty of Payment**. The Guarantor absolutely, unconditionally, and irrevocably guarantees to the EEOC the full and prompt payment of all sums now owing or which may in the future be owing pursuant to the Consent Decree, when the same are due and payable, and whether for the sums, any taxes associated with the sums, interest, fees, expenses, costs, and expenses which shall at any time be recoverable by the EEOC from Company by virtue of the Consent Decree and any amendments, modifications and other instruments relating thereto (hereinafter call "Liability" or "Liabilities" as the context may require), upon the Company's failure to make payment as set forth in the Consent Decree. The Personal Guarantee may be enforced against all personal assets without limitation, but Guarantors do not waive the right to pursue bankruptcy or any rights available in such proceedings in the event of their insolvency or other inability to pay. The Liabilities include, without limitation, interest accruing after the commencement of a proceeding under bankruptcy, insolvency or similar laws of any jurisdiction at the rate or rates provided by 28 U.S.C. § 1961. This Guaranty is a guaranty of payment and not of collection only. Guarantor further waives any right to require that any action be brought against Company or any other person or entity. Successive recoveries may be had hereunder. No invalidity, irregularity or unenforceability of all or any part of the Consent Decree shall affect, impair or be a defense to this Guaranty and this Guaranty shall constitute a primary obligation of the undersigned. The EEOC shall not be required to exhaust any right or remedy or take any action against Company or any other person or entity or any collateral. The Guarantor agrees that, as between the Guarantor and the EEOC, the Liabilities may be declared to be due and payable for the purposes of the Guaranty notwithstanding any stay, injunction, or other prohibition which may prevent, delay, or vitiate any declaration as regards the Company and that in the event of a declaration or attempted declaration, the Liabilities shall immediately become due and payable by the Guarantor for the purposes of this Guaranty. If any amount shall be paid to Guarantor by Company on account of any claim set forth at any time when all the Liabilities

of Company shall not have been paid in full, such amount shall be held in trust by Guarantor of the EEOC's benefit and, to the extent of any matured and unpaid Liabilities of Company to the EEOC under the Consent Decree, shall be immediately tendered pursuant to the Consent Decree.

Section 2. **Guaranty Absolute**. The Guarantor further guarantees that the Liabilities shall be paid strictly in accordance with the terms of the Consent Decree. Accordingly, EEOC shall be able to enforce this Agreement upon providing the Company a reasonable amount of time to cure any alleged non-payment from the Company, as set forth in Consent Decree, and upon obtaining an order from the jurisdictions identified in Section of 12 of this Agreement finding the Company breached its payment obligations. This Guarantee shall not be enforceable except upon a failure by the Company to pay its financial obligations under the Consent Decree.

Guarantor unconditionally and irrevocably waives any or all of the following: ( 1 ) Guarantor 's rights of subrogation, reimbursement, indemnification, contribution, exoneration, and/or any other rights and defenses; and (2) any rights or defenses the Guarantor may have in respect of his or her obligations as a guarantor by reason of any election of remedies by the EEOC; and (3) any rights or defenses the Guarantor may have because the obligation is secured by real property or an estate for years. Nothing herein contained is intended or shall be construed to give Guarantor any rights of subrogation or right to pa1ticipate in any way in the EEOC's right, title, or interest in the Consent Decree, notwithstanding any payments made by Guarantor to or toward any payments dues from Guarantor under this Guaranty, all such rights of subrogation and participation being hereby expressly waived and released.

Section 3. **Guaranty Irrevocable**. This Guaranty is a continuing guaranty of the payment of all Liabilities now or hereafter existing under the Consent Decree and shall remain in full force and effect until payment in full of all Liabilities and other amounts payable under this Guaranty and under the Consent Decree are no longer in effect.

Section 4. **Reinstatement**. This Guaranty shall continue to be effective or be reinstated, as the case may be, if at any time, any payment of any of the Liabilities is rescinded or must otherwise be returned by the EEOC on the insolvency, bankruptcy, or reorganization of the Company or otherwise, all as though the payment had not been made.

Section 5. **Subrogation**. The Guarantor shall not exercise any rights which it may acquire by way of subrogation, by any payment made under this Guaranty or otherwise, until all the Liabilities have been paid in full and the Consent Decree is no longer in effect. If any amount is paid to the Guarantor on account of subrogation rights under this Guaranty at any time when all the Liabilities have not been paid in full, the amount shall be held in trust for the benefit of the EEOC and shall be promptly paid to the EEOC to be credited and applied to the Liabilities.

Section 6. **Subordination**. Without limiting the EEOC's rights under any other agreement, any other liabilities owed by the Company to the Guarantor, are hereby subordinated to the Liabilities, and such other liabilities of the Company to the Guarantor, if the EEOC so requests, shall be collected, enforced, and received by the Guarantor as trustee for the EEOC and

shall be paid on account of the Liabilities but without reducing or affecting in any manner the liability of the Guarantor under the other provisions of this Guaranty.

Section 7. **Representations and Warranties**. The Guarantor represents and warrants that: (a) this Guaranty (i) has been authorized by all necessary actions; (ii) does not violate any agreement, instrument, law, regulation or order applicable to the Guarantor; (iii) does not require the consent or approval of any person or entity, including but not limited to any governmental authority, or any filing or registration of any kind; and (iv) is the legal, valid and binding obligation of the Guarantor enforceable against the Guarantor in accordance with its terms, except to the extent that enforcement may be limited by applicable bankruptcy, insolvency, or other similar laws affecting creditors' rights generally; and (b) in executing and delivering this Guaranty, the Guarantor has (i) made an independent investigation of the transactions contemplated hereby and the Company, the Company's business, assets, operations, prospects and conditions, financial or otherwise, and any circumstances which may bear upon such transactions, the Company or obligations and risks undertaken herein with respect to the Liabilities; (ii) adequate means to obtain from the Company on a continuing basis information concerning the Company; (iii) has full and complete access to the Consent Decree; and (iv) not relied and will not reply upon any representation s or warranties about the Consent Decree.

Section 8. **Remedies Generally**. The remedies provided in this Guaranty are cumulative and not exclusive of any remedies provided by law. All of EEOC's rights and remedies under the Consent Decree or under this Guaranty are intended to be distinct, separate and cumulative and no such right and remedy therein or herein mentioned is intended to be in exclusion of or a waiver of any of the others. Any amendment to this Agreement must be in writing, and the effect of such amendment shall be strictly and narrowly construed within the plain meaning of the language of the amendment.

Section 9. **Expenses**. Each party shall bear all of its own attorney's fees and costs pursuant to the terms of the Consent Decree.

Section 10. **Amendment and Waivers**. No delay on the part of EEOC in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of EEOC to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty nor any termination hereof be effective unless in writing signed by EEOC, and then the waiver or consent shall be effective only in the specific instance and of the specific purpose for which given.

Section 11. **Assignment**. This Guaranty shall be binding on, and shall ensure to the benefit of the Guarantor, the EEOC, and their respective successors and assigns; provided that the Guarantor may not assign or transfer its rights or obligations under this Guaranty.

Section 12. **Captions**. The headings and captions in this Guaranty are for convenience only and shall not affect the interpretation or construction of this Guaranty.

Section 13. **<u>Governing Law, Jurisdiction, Etc</u>**.  This Guaranty is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of California. The Guarantor consents to the nonexclusive jurisdiction and venue of the federal court located in the city of Fresno.  Service by process by the EEOC in connection with any such dispute shall be binding on the Guarantor if sent to the Guarantor by registered mail at the address specified below or as other address specified by the Guarantor from time to time.

Section 14.  **<u>Integration; Effectiveness</u>**. This Guaranty alone sets forth the entire understanding of the Guarantor and the EEOC relating to the guarantee of the Liabilities and constitutes the entire contract between the parties relating to the subject matter hereof and supersede any and all previous agreements and understandings, oral or written, relating to the subject matter hereof.  This Guaranty shall become effective when it shall have been executed and delivered by the Guarantor to the EEOC.  Delivery of an executed signature page of this Guaranty by email or other electronic form shall be effective as delivery of a manually executed signature page of this Guaranty.

Section 15.  **<u>Counterparts</u>**.  This Guaranty may be executed in one or more counterparts, each of which counterparts shall be an original.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

{00186158.1}

IN WITNESS WHEREOF, the Guarantor has caused this Guaranty to be duly executed and delivered as of the date first above written.

GUARANTOR:

_____
Emilio Sandoval, an individual

Date: 2/16/2021

Address for Notice:

4495 W Shaw Ave
Fresno CA 93722

STATE OF CALIFORNIA    )
                       )
COUNTY OF FRESNO       )

On the 16 day of February, 2021, before me personally came EMILIO SANDOVAL, who executed the foregoing instrument and acknowledged that he executed the same.

WITNESS my hand and official seal.

Melissa Cristel Gutierrez
Notary Public

MELISSA CRISTEL GUTIERREZ
Notary Public · California
Fresno County
Commission # 2306167
My Comm. Expires Sep 20, 2023

Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4ᵗʰ Floor
Los Angeles, CA 90012
(213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118

## NOTICE OF SETTLEMENT AND CONSENT DECREE

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit alleging discrimination on the basis of race and national origin against Helados La Tapatia, Inc, ("Helados") in the United States District Court for the Eastern District of California, Case Number 1:20-cv-00722-HBK. Specifically, EEOC alleged that Helados had engaged in a pattern or practice of refusing to hire, and discouraging from applying, non-Hispanic individuals for entry-level labor positions. Helados settled by entering into a "Consent Decree" with the EEOC.

Pursuant to the Consent Decree, Helados is providing notice that it will not discriminate on the basis of race and/or national origin when hiring or recruiting workers. Helados is also providing notice to its workers that they have a right to make a complaint of discrimination in the workplace **without fear of retaliation**. Management and employees will be provided training regarding employee's rights and to prevent unlawful discrimination in the workplace.

Federal law requires that there be no discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment. Helados is committed to its anti-discrimination obligations. Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participates in any investigation will be protected from retaliation.

If you believe that you have been discriminated against because of your sex, disability, national origin, age, race, color, or religion, you may seek assistance from the office below.

## AVISO DEL ACUERDO Y DECRETO DE CONSENTIMIENTO

La Comisión de Igualdad de Oportunidades en el Empleo de los Estados Unidos ("EEOC") presentó una demanda alegando discriminación de raza y origen nacional contra Helados La Tapatia, Inc, ("Helados") en el Tribunal de Distrito Federal de los Estados Unidos para el Distrito Este de California, Caso Número 1:20-cv-00722-HBK. Específicamente, la EEOC alegó que Helados había participado en una práctica de no contratar, y desalentar aplicar a los individuos no hispanos para puestos laborales de nivel básico. Helados ha resuelto este caso por medio de un "Decreto de Consentimiento" con la EEOC.

De conformidad con el Decreto de Consentimiento, Helados está notificando que no discriminará por motivos de raza y/o origen nacional al contratar o reclutar trabajadores. Helados también está notificando a sus trabajadores que tienen derecho a presentar una queja de discriminación en el lugar de trabajo **sin temor a represalias**. Manejadores/Supervisores y los empleados recibirán entrenamiento sobre los derechos de los empleados para prevenir la discriminación ilegal en el lugar de trabajo.

La ley federal requiere que no haya discriminación contra cualquier empleado o solicitante de empleo debido a la edad, discapacidad, raza, sexo, color, religión u origen nacional de una persona, con respecto a la contratación, compensación, promociones, términos y condiciones o privilegios de empleo. Helados está comprometido con sus obligaciones contra la discriminación. Cualquier empleado que presente una queja o cargo formal de discriminación, dé testimonio o asistencia, o participe en cualquier investigación estará protegido de represalias.

Si usted cree que has sido discriminado debido a su sexo, discapacidad, origen nacional, edad, raza, color o religión, puede buscar ayuda de:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
2500 Tulare Street, Second Floor, Suite 2601
Fresno, CA 93721Telephone: (559) 487-5793
Website: http://www.eeoc.gov

Exhibit B